[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
As to this particular case, the Court makes the following findings of relevant facts concerning the issue of liability:
The plaintiff fell in Aisle 10, of the Ridgefield Stop 
Shop, toward the rear portion of the store. The items shelved in Aisle 10, adjacent to the point of the fall, were wrapping materials such as tin foil and plastic wraps. The plaintiff slipped on a white, cheesy substance on the floor. There is no evidence that substance was placed there by the defendant's employees. The nearest product of this nature was a cottage cheese display approximately 25 feet from the point of fall. The plaintiff fell on a weekday morning at approximately 11:43 a.m.
There were no employees or customers in the aisle at the time of the fall. The aisle appeared clean and dry except for the substance on the floor which caused the plaintiff to fall. The substance appeared white and beigy, however the floor tiles were white, and also beige, in alternate tiles, where the substance was present.
The defendant employed John Herr, H-e-r-r, as a porter, whose duties included sweeping the store floors three times a day and picking up spills if observed, or requested to do so at any time. He would start in Aisle 3 and finish in Aisle 12. This would take about 30 minutes. The sweep closest to the fall was started at 10:50 a.m., and presumably, he swept Aisle 10 at about 11:15 a.m., approximately 30 minutes before the fall. Mr. Herr did not observe the white substance during this morning sweep.
The plaintiff was a business invitee and the defendant owed her a duty to keep its premises in a reasonably safe condition. Based on the facts found, the first issue before the Court is to determine if the duty was breached and if the defendant had actual or constructive notice of the defect, within a reasonable time to remedy it. If so, the plaintiff would be entitled to recover damage for her injuries. CT Page 15325
Although the Court finds that the defect existed, and that it caused the plaintiff to fall, the plaintiff still has not proven the necessary element that the defendant had prior notice of the defect. The plaintiff produced no evidence to establish that the defendant had actual notice of the alleged defect.
Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. It is necessary to show a sufficient length of time existed for discovery of the condition. What constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case.
At best the plaintiff proved that it was possible that the defect existed for 30 minutes without the defendant's employees taking notice of it. However, this was not an area where slippery floor and substances would be reasonably anticipated, as compared to a produce area, a dairy area or a bottled liquid area.
Thus a failure to inspect this area in periods of less than 30 minutes, cannot be deemed unreasonable and therefore, a claim of constructive notice based on a claim that the defect existed for a sufficient period of time is not valid under the facts of this case. The plaintiff has not proven that the defendant created an unsafe condition, thereby making proof of notice, actual or constructive, unnecessary.
Finally, the defendant is not an insurer of the absolute safety its patrons. The plaintiff having failed to sustain her burden of proving notice, actual or constructive, of the defect that caused her fall, cannot prevail and judgement may enter for the defendant.
Stodolink, J.